IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-67,951-02




EX PARTE ERIC DEWAYNE SMALL, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 985103IN THE 209TH DISTRICT COURT
FROM HARRIS COUNTY




            Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to ninety-nine years’ imprisonment. 
            Applicant contends that he was denied the opportunity to file an appeal. Counsel filed an
affidavit with the trial court. The trial court found his affidavit credible and determined that
Applicant did not have the opportunity to file an appeal. The trial court made no recommendation. 
We conclude that there was a breakdown in the system. Ex parte Riley, 193 S.W.3d 900, 902 (Tex.
Crim. App. 2006). We find that Applicant is entitled to the opportunity to file an out-of-time appeal
of the judgment of conviction in Cause No. 985103 from the 209th District Court of Harris County. 
Applicant is ordered returned to that time at which he may give a written notice of appeal so that he
may then, with the aid of counsel, obtain a meaningful appeal. It appears that Applicant is
represented by counsel. Within ten days of the issuance of this opinion, the trial court shall determine
if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is
indigent and wishes to be represented by counsel, the trial court shall immediately appoint an
attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence
had been imposed on the date on which the mandate of this Court issues. We hold that, should
Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of
appeal in the trial court within 30 days after the mandate of this Court issues.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 
 
Delivered: May 7, 2014
Do not publish